UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE COLEMAN, # 173324, | |
| Plaintiff, | Case No. 1:10-cv-1194 |
| v. | Honorable Robert Holmes Bell |
| ASHER GOLDSTEIN, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's *pro se* complaint arises from a major misconduct charge and subsequent administrative proceedings occurring in the year 2007, while plaintiff was incarcerated at the Ionia Maximum Facility. By order entered December 20, 2010, the magistrate judge granted plaintiff leave to proceed *in forma pauperis*, requiring installment payments of the filing fee pursuant to 28 U.S.C. § 1915(b). Thereafter, process was served on all defendants.

      Presently pending before the court is a motion by defendant Stapleton[1] to revoke plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), because plaintiff has on three or more prior occasions suffered dismissal of civil rights claims on the ground that the claim was frivolous, malicious, or failed to state a claim upon which relief can be granted. In support of the motion, defendant identifies three previous cases, which he contends were dismissed as frivolous or for failure to state a claim. Plaintiff has not responded to defendant Stapleton's motion. The court

---

[1] The other defendants filed similar motions after they were served.

has examined the docket sheets of each of the previously dismissed cases, and concludes that at least three previous dismissals qualify under section 1915(g): *Coleman v. Lentin*, No. 2:92-cv-120 (W.D. Mich. Aug. 31, 1992); *Coleman v. Kinnunen*, 2:05-cv-256 (W.D. Mich. Mar. 17, 2008); *Coleman v. Sweeney*, 2:09-cv-178 (W.D. Mich. Oct. 5, 2009). Judge Janet Neff of this court has recently determined that plaintiff falls within this "three strikes" provision of section 1915(g) and has revoked *in forma pauperis* status on that basis. *Coleman v. Vroman*, No. 1:10-cv-354 (W.D. Mich. May 27, 2011). In her opinion and order, Judge Neff analyzed and rejected each of plaintiff's arguments as to why the same three cases cited above should not be considered as "strikes" under section 1915(g). On the present record, there can be no doubt that plaintiff is subject to section 1915(g) because he has filed at least three lawsuits that were previously dismissed as frivolous, malicious, or for failure to state a claim.

Section 1915(g) grants an exemption for an inmate who is "under imminent danger of serious physical injury." To qualify under this exemption, a plaintiff must allege facts showing "real and proximate" danger that exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008). A prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* In the present case, plaintiff has not attempted, either in his complaint or in response to the motion, to establish imminent danger of serious physical injury. It would appear impossible to meet this burden in the present case, as plaintiff is no longer incarcerated in Ionia, and the events complained of occurred four years in the past.

In conclusion, section 1915(g) prohibits plaintiff from proceeding *in forma pauperis* in this action. The court will vacate the order granting *in forma pauperis* status and require plaintiff to pay the entire civil action filing fee, which is $350, within 28 days of the date of entry of this

order.  If plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the entire filing fee.  *See In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

Dated:  June 8, 2011                                          /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE